654

CATARACT ICE COMPANY, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32345.   Promulgated June 10, 1931.

*Marvin I. King, Esq.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

OPINION.

McMahon: The petition purports to cover the year 1923, but we have no jurisdiction as to that year because the respondent has not determined a deficiency respecting it. *W. H. Morefield et al.*, 4 B. T. A. 394.

The alleged errors of the respondent relating to his determination for the years 1924 and 1925 are, first, the disallowance in part of a claimed deduction for officers' salaries, and, second, the inclusion in income of a pro rata portion of the cost of a building erected by a lessee on land owned by the Niagara Company. In respect of the year 1925 the petitioner also complains of the respondent's denial of the specific credit in the amount of $2,000, which, under the provision of section 236 (b) of the Revenue Act of 1924, is allowed domestic corporations having a net income of $25,000 or less.

The petitioner's contention respecting the claimed deduction for officers' salaries is predicated upon section 234 (a) (1) of the Revenue Act of 1924 which provides:

SEC. 234. (a) In computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered  *  *  *.

The petitioner and the Niagara Company became affiliated in 1922 when the petitioner purchased the entire capital stock of the latter. The affiliated status was maintained during the taxable years involved in this proceeding. The books of the affiliates were kept upon the accrual basis. For each of the taxable years involved there was credited upon the books of the petitioner and the Niagara Company, as salaries to each of their two principal officers, the amount of $6,000 per year. The record indicates that the officers were the only stockholders of the petitioner. Upon the consolidated returns for each of such years the petitioner claimed deductions as officers' salaries of the amount of $24,000, representing the total of the $6,000 salaries credited by each corporation to each of the said officers. Upon audit a revenue agent disallowed these deductions to the extent of $16,000 for each of the years involved, and the respondent has approved this action, his deficiency letter stating " it is held that a portion of such officers' salaries is excessive and in effect a dividend."

Although the deficiency letter did not challenge the corporate authorizations of salaries in the amounts claimed as deductions upon the returns, the record is largely devoted to establishing the fact that the salaries claimed as deductions were properly authorized by the corporate directors. The Board has frequently recognized that the affairs of closely held corporations are often conducted informally and that informal determinations of the directors of corporations so conducted are effective for purposes of fixing the amounts of officers' salaries. *Detroit Vapor Stove Co.*, 4 B. T. A. 1043; *Savinar Co.*, 9 B. T. A 465.

In this proceeding it appears that the two Williamsons, as the only stockholders and directors, had long conducted the petitioner's affairs in an informal manner and that after the petitioner's acquisition of the Niagara Company, they, as the directors of that concern, conducted its affairs in the same manner. It further appears that sometime in 1922 the Williamsons agreed that for the year 1923 their salaries from the petitioner should be $6,000 per year and that by agreement between them salaries at the rate of $6,000 per year

were credited to each of them by the petitioner for the years 1924 and 1925. Toward the close of the year 1923 the Williamsons, as directors of the Niagara Company, agreed that they would each draw a salary of $6,000 per year from that company. For the years 1924 and 1925 the Niagara Company credited each of the Williamsons with $6,000 per year as salary.

We are satisfied that the amounts claimed as deductions for officers' salaries for the years 1924 and 1925 were authorized by corporate action. The determination of whether or not such salaries are deductible in the computation of the net corporate income subject to Federal income tax depends, however, upon the applicable statute, i. e., section 234(a) (1) of the Revenue Act of 1924, *supra*.

The evidence discloses that the Williamsons were men with approximately 40 years experience in this type of business and that they devoted from 12 to 14 hours per day to the business. The acquisition of the Niagara Company with its large storage facilities, together with the increased strength of competition, entailed more intensive effort on their part than had theretofore been necessary.

Considering the whole record we are not persuaded that the petitioner has sustained its burden of proving that the deduction of $12,000 per year as salary for each of the two principal officers of the consolidated companies constituted the "reasonable allowance" prescribed by statute. Neither are we inclined to hold with the respondent that salaries of $4,000 per year from both companies to each of these officers were reasonable compensation to them. It is our opinion that each of the affiliated companies is entitled, in each of the years 1924 and 1925, to deduct the amount of $4,000 as the salary of each of the two officers. Adjustment will be made accordingly under Rule 50.

The petitioner also alleges as error the respondent's inclusion in income for each of the years involved of the amount of $1,600. The respondent determined that petitioner realized income in the amount of $8,000 due to the erection of a building by the Peerless Company on land leased from the Niagara Company, and prorated this amount over the five year term of the lease. The petitioner is not questioning the action of the respondent in prorating whatever income petitioner derived from the erection of the building, but contends that it sustained no income at all thereby. It is petitioner's contention that the building was valueless at the conclusion of the term of the lease, this being in effect a contention that even if the improvements constituted income, such income was offset by obsolescence. Obsolescence, being a question of fact, must be determined upon the facts peculiar to each case. *Conley Tin Foil Corporation*, 17 B. T. A. 65.

In *Frederick C. Renziehausen et al.*, 8 B. T. A. 87, the Board said:

Obsolescence, we have said, is the state or process of becoming obsolete, and the state of obsolescence is reached when the property which can not be used for any other purpose is no longer useful for the purpose for which it was acquired. *Appeal of Columbia Malting Co.*, 1 B. T. A. 999; *Appeal of Manhattan Brewing Co.*, 6 B. T. A. 953. The right to an obsolescence deduction must be based upon substantial reasons for believing that assets would become obsolete prior to the end of their ordinary useful life; and it must have been known, or believed to have been known to a reasonable degree of certainty, under all the facts and circumstances, when that event would likely occur. *Appeal of Columbia Malting Co., supra; Appeal of Cleveland Home Brewing Company*, 1 B. T. A. 87.

It does not appear that during 1924 or 1925 petitioner was aware of any facts or that facts existed upon which it could be concluded that the useful value of the improvements erected by the Peerless Company was to be limited to the original term of the lease. Indeed, during those years the petitioner did not know as a fact that the building would be vacated in 1926. We believe that the petitioner is mistakenly ascribing to the years 1924 and 1925, a knowledge of events of which it was not aware until 1926. Furthermore, an allowance for obsolescence would require a showing of the prospective salvage value of the obsolete property or that no such value did remain, and on this point the record is silent. *Harris Brothers Dairy Co.*, 10 B. T. A. 293.

The respondent having determined that the petitioner derived income in the amount of $8,000 due to the erection of the building by the Peerless Company, such determination is presumed to be correct and the burden is upon the petitioner to establish that it was erroneous. This the petitioner has failed to do. Upon the authority of *Joseph L. B. Alexander et al.*, 13 B. T. A. 1169; *Joseph L. B. Alexander*, 14 B. T. A. 124; and *Shelby D. Scott*, 9 B. T. A. 1219, we approve the respondent's inclusion in consolidated income for each of the years in controversy of a pro rata portion of the amount of $8,000.

The petitioner's contention respecting the respondent's denial for the year 1925 of the specific credit in the amount of $2,000 which is granted, under provision of section 236 (b) of the Revenue Act of 1924, to all domestic corporations having a net income of $25,000 or less will be sustained if the recomputation in accordance with our opinion discloses that the net income of the consolidated companies for the year 1925 is less than $25,000. Otherwise, petitioner's contention will be denied.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

MURDOCK, dissenting: The salary allowances are not shown to have been reasonable in amount. The value of the building was all income when it was erected.